ROBERT E. SCHUMACHER, ESQ.
Nevada Bar No. 7504
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct Line: (702) 577-9319
Facsimile: (702) 255-2858
E-Mail: rschumacher@grsm.com

BENJAMIN W. HULSE
(*pro hac vice pending*)
GABRIEL RAMIREZ-HERNANDEZ
(*pro hac vice pending*)
**NORTON ROSE FULBRIGHT US LLP**
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota 55402
Phone: (612) 321-2800
Email: ben.hulse@nortonrosefulbright.com
gabriel.ramirezhernandez@nortonrosefulbright.com

*Attorneys for Defendants,*
*3M COMPANY & ARIZANT HEALTHCARE INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER BILLITTERI, et al.,<br><br>                    Plaintiffs,<br>vs.<br><br>3M COMPANY, et al.,<br><br>                    Defendants. | CASE NO. 2:24-cv-00651-APG-BNW<br><br>**DEFENDANTS' PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Defendants 3M Company and Arizant Healthcare Inc. ("Defendants") hereby submit their proposed discovery plan and scheduling order. Although the Parties met, conferred and agreed on most of the discovery plan, Defendants did not have express permission to affix Mr. Walston's electronic signature. Defendants leave for the Court to resolve Section IV.3.b. of this Discovery Plan and Scheduling Order, regarding amendment to the pleadings and adding parties.

1  **I.      Fed. R. Civ. P. 26(f) Conference:** Pursuant to Fed R. Civ. P. 26(f) and LR 26-1(a), the
2  Parties conferred on **April 18, 2024**. Cliff Walston, on behalf of Plaintiffs and Gabriel Ramirez-
3  Hernandez and Ben Hulse, on behalf of Defendants participated in the conference. Counsel for
4  Plaintiffs is currently out of the country with limited access. Accordingly, counsel for Plaintiffs
5  may be supplementing their position on Section IV.3.b. of this Discovery Plan and Scheduling
6  Order, regarding amendment to the pleadings and adding parties. Defendants do not object to
7  allowing counsel for Plaintiffs the opportunity to supplement their position on Section IV.3.b.
8  **II.     Initial Disclosures:** The Parties will make their initial disclosures pursuant to Fed. R.
9  Civ. P. 26(a)(1)(A) by **May 2, 2024**.
10 **III.    Areas of Discovery:** Discovery should include, but not be limited to, all claims and
11 defenses allowed pursuant to the Federal Rules of Civil Procedure.
12 **IV.     Discovery Plan:**
13         **1.      Statement why longer time periods should apply to this case**: LR 26-1(a)
14 provides that "[p]lans requesting special scheduling review must include . . . a statement of the
15 reasons why longer or different time periods should apply to the case." Given the complex issues
16 and procedural history of this case, the Parties agree that longer time is necessary here.
17 Specifically, this is a medical device product liability action and Plaintiffs are alleging two
18 separate injuries arising from two separate orthopedic surgeries that required multiple revision
19 surgeries over several years. This will require substantial case-specific fact and expert discovery,
20 including a significant number of anticipated treater depositions. While general (non-case-
21 specific) discovery was completed in *In re Bair Hugger*, MDL 2666 (D. Minn.), prior to transfer,
22 case-specific discovery has not yet commenced. This case was not transferred for trial until April
23 4, 2024. *Billitteri*, 2:24-cv-00651-APG-BNW, Dkt. No. 9 (D. Minn. Apr. 4, 2024). As such, the
24 Parties agree that a longer time should apply to the schedule of this case.
25         **2.      Discovery Cut-Off Date**: The Parties stipulate discovery shall be completed no
26 later than **May 15, 2025**, which is 472 days (15 months) from the date Defendants filed their
27 Answer to the Complaint.
28

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

**3.** **Amending the Pleadings and Adding Parties**: The Parties do not agree on amendments to the pleadings and adding parties.

a. Defendants' Position: Plaintiffs filed an Amended Short Form Complaint in the MDL, before transfer. *Billitteri*, 2:24-cv-00651-APG-BNW, Dkt. No. 1 (D. Minn. Aug. 10, 2023). The deadline to further amend complaints, set by MDL Pretrial Order No. 17 and applicable to this case through MDL Pretrial Order No. 1, has passed. *See In re Bair Hugger*, Dkt. No. 175, Pretrial Order No. 17, ¶¶ 4, 11 (D. Minn. Jan. 5, 2017) (setting the deadline for amending complaints); *Billitteri*, 2:24-cv-00651-APG-BNW, Dkt. No. 4 at 3 (stating that all previous MDL Orders apply to this case and expressly listing Pretrial Order No. 17 in the attachment for orders that apply). As such, no further amendments to the pleadings are allowed without filing a motion to amend and satisfying the requirements of Local Rule 15.1 and Fed. R. Civ. P. 15 and 16.

b. Plaintiff's Position: Plaintiff proposes a July 1, 2024 deadline to amend pleadings.

**4.** **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**: Expert witness disclosures shall be made by **Plaintiffs by March 14, 2025.**[1] Disclosures of rebuttal experts by Defendants shall be made by **April 14, 2025,**[2] thirty (30) days after Plaintiffs' disclosure. The requirements of Fed. R. Civ. P. 26(a)(2) shall apply to any such disclosures.

**5.** **Dispositive Motions**: The Parties shall have until **August 13, 2025,** to file dispositive motions.

**6.** **Pretrial Order**: The Parties will prepare a joint pretrial order on or before **September 12, 2025**. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order of the court. The disclosures required by Fed. R. Civ. P. Rule 26(a)(3) and objections thereto, shall be made in the pre-trial order.

---

[1] March 16, 2025 falls on a Sunday.
[2] April 13, 2025 falls on a Sunday.

**7.** **Fed. R. Civ. P. 26(a)(3) Disclosures**: Pursuant to LR 26-1(b)(6), disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**V.** **Court Conferences:** If the Court has questions regarding the dates proposed by the Parties, the Parties request a conference with the Court before entry of the scheduling order.

**VI.** **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the Parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The MDL Court has already entered a protective order and ESI protocol that governs these cases. *See* MDL 2666 ECF Nos 39 & 50, Pretrial Order Nos 7 & 10. The protective order in place also addresses the protection of inadvertent production of privileged materials. *See* MDL 2666 ECF No. 39, Pretrial Order No. 7, ¶ 5. The Parties agree that these Orders continue to apply in this action.

**VII.** **Alternative Dispute Resolution**: The Parties hereby certify pursuant to LR 26-1(b)(7) they met and conferred about the possibility of using alternative dispute-resolution processes. The Parties have conducted settlement negotiations within the context of the broader MDL as part of the MDL Court-ordered mediation process overseen by Judge James M. Rosenbaum (ret.). The Parties agree to continue this practice.

**VIII.** **Alternative Forms of Case Disposition**: The Parties hereby certify that pursuant to LR 26-1(b)(8) they considered consent to trial by a magistrate judge and use of the short trial program. They do not consent to either at this time.

///
///
///
///
///
///
///
///

**IX.     Electronic Evidence**:   The Parties hereby certify they met and conferred about the use of electronic evidence pursuant to LR 26-1(b)(9). They anticipate presenting evidence in electronic format to jurors for the purposes of jury deliberations and will continue to meet and confer on this issue as necessary.

DATED this 19th day of April 2024.

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ Robert E. Schumacher*
Robert E. Schumacher, Esq.
Nevada Bar No. 7504
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101

Benjamin W. Hulse, Esq.
(*pro hac vice pending*)
Gabriel Ramirez-Hernandez, Esq.
(*pro hac vice pending*)
**NORTON ROSE FULBRIGHT US LLP**
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota 55402
***Attorneys for Defendants,***
***3M COMPANY & ARIZANT***
***HEALTHCARE INC.***

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** __4/23/2024__

**IT IS FURTHER ORDERED** that the deadline to amend pleadings is **July 1, 2024**.

-5-

881337251