**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER BILLITTERI, et al., | Case No.: 2:24-cv-00651-APG-BNW |
| Plaintiffs | **Order Granting in Part Motions to Seal and Ordering Redacted Versions of Sealed Documents** |
| v. | |
| 3M COMPANY, et al., | [ECF Nos. 32, 36] |
| Defendants | |

Defendants 3M Company and Arizant Healthcare Inc. move for leave to file their summary judgment motion and certain exhibits under seal because the motion and exhibits discuss plaintiff Peter Billitteri's private medical information. ECF No. 32.  The defendants did not file a publicly accessible, redacted version of their summary judgment motion.  The defendants also move to seal certain exhibits related to their motion to exclude the plaintiffs' expert, Dr. Theodoris Kelesidis, for the same reason. ECF No. 36.  The plaintiffs filed a publicly accessible version of their motion to exclude. ECF No. 35.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Such records are presumptively publicly accessible. *Id.*  Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*  For "most judicial records," the party seeking to seal the record must articulate "compelling reasons supported by specific factual findings [that] outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records because a person's medical records contain sensitive and private

information about their health. *See, e.g.*, *Moreno v. Adamson*, No. 3:19-cv-0330-MMD-CLB, 2021 WL 76722, at *2 (D. Nev. Jan. 7, 2021) (citing cases).

The plaintiffs have put certain aspects of Peter Billitteri's medical condition at issue by filing this action claiming personal injuries from an allegedly defective product used in his knee surgeries. So, to the extent the motion and exhibits discuss the fact of the knee surgeries and the resulting infections that he claims the defendants' product caused, that information is not private and cannot be sealed. Indeed, the parties have filed documents on the public docket discussing these facts. *See, e.g.*, ECF Nos. 1 at 2-3; 35 at 2-5, 11-14.

But that does not mean that the entirety of his medical records (which frequently contain records that pertain to medical information unrelated to the legal claim at issue) that are filed in connection with a motion should be publicly available. Billitteri's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records. However, to "the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1041 (D. Nev. 2021) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011)).

Consequently, I grant the motions to seal the medical records themselves at ECF Nos. 33-2 through 33-19, and 37-1 through 37-9, 37-11 through 37-16. And I grant the motion to seal the portions of the expert reports that discuss the medical records in detail. However, the defendants must file publicly accessible, redacted versions of the expert reports that seal only those portions of the reports that summarize or otherwise discuss the medical records where the information is

not already publicly available. In other words, references to the fact that Billitteri had knee surgeries and suffered infections should not be redacted. But to the extent the experts discuss other aspects of his health, that should be redacted. Additionally, I grant in part the motion to seal the motion for summary judgment. The defendants do not explain why the entire motion should be sealed where the same information is publicly revealed elsewhere. The defendants should have filed a publicly accessible version, redacting the small portions that should be sealed.

As a result, I grant the motions to seal in part. ECF Nos. 33 through 33-24 and 37 through 37-17 will remain sealed. However, the defendants must file publicly accessible, redacted versions of the expert reports consistent with this order. For the summary judgment motion at ECF No. 33, the defendants must redact only the list of "conditions and risk factors" at page 11, lines 3-15, as well as the list of medications at line 20. No other redactions are approved for that document.

I THEREFORE ORDER that the defendants' motions to seal **(ECF Nos. 32, 36) are GRANTED in part**. **ECF Nos. 33 through 33-24 and 37 through 37-17 will remain sealed**.

I FURTHER ORDER that by March 19, 2026, the defendants must file publicly accessible redacted versions of their motion for summary judgment at ECF No. 33 and all expert reports that they moved to file under seal.

DATED this 5th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE